Daniel, Judge.
 

 First a motion is made by defendants to dismiss the bill, because it is brought in the name of “ Daniel Shaw, guardian of Penelope Green, &c.” when it should have been brought in the name of the lunatic, by Shaw, as her committee. Actions at law, in behalf of lunatics, can be brought in no other name than theirs; they must not be brought in the name of the committee. Stock on
 
 non compos mentis
 
 33.
 
 Cocks
 
 vs.
 
 Darson,
 
 Hob. 215. Nay. 27. Pop. 141. And they appear by guardian or attorney, according as they are within age or not.
 
 Ibid.
 
 But, in Equity, this incapacity to sue or defend, is more considerable. In this court, after an inquisition has taken place, and a committee has been appointed, the joinder of the name of the lunatic, though usual, is merely a formality. Stock 33 — Wyatt’s Pr. Reg. 272.
 
 Ridler
 
 vs. Ridler, 1 Eq. Ca. Ab. 279.
 
 Ortley
 
 vs.
 
 Messere, 7
 
 Johns, Ch. R. 139. Calvert on Parties, 303. In England, the practice is to bring the bill in the name of the committee, as is
 
 done in the present case.
 
 Either way will be good. The motion is therefore overruled.
 

 Secondly, as to the merits of the case. Mrs. Green had the legal title to the bond. She never endorsed it; and that legal title still continues in her as to the money due on the bond. Thompson contends that he is the assignee of the bond in equity. If he had purchased the bond
 
 bona fide,
 
 and for a valuable consideration, this Court would protect his purchase. 2 Vern. 595, 1 Mad. Ch. Pr. 545. But it seems to us, that it would be against conscience for him to insist on retaining six hundred dollars and interest, for the three months’ board of Mrs. Green and her son. He says, that he has always been ready, able and willing to comply with his part of the agreement. From the evidence, Thomp
 
 *151
 
 son could not have completely and faithfully complied with his part of the agreement, without much domestic unhappiness. In what kind Of peace or comfort could Mrs. Green have lived at his hous 3? It seems to us, from the whole case, that there was a tacit understanding among the parties, that if Mrs. Green did not wish again to return to tbe house of Thompson, that the contract should be considered as rescinded; for Thompson has never since put himself to any trouble concerning the board of Mrs. Green, or the education of her son. When she sent for the bond, he did not set up any title to it, but seemed reluctant to send it. We think that Thompson cannot, in good conscience, ask this Court to declare that he is a
 
 bona fide
 
 purchaser of the bond for a valuable consideration. As Thompson has not established a title as equitable assignee oí the bond, Lawson, of course, has no claim in law or equity. Burney admits that he gave the bond, and that he has paid but a very small portion of it. We are of the opinion that, after a just allowance shall have been made for the board of Mrs. Green and her son, whilst they remained with Thompson, the plaintiff is entitled to a' decree for the residue of the principal and interest due on the bond; and it must be referred to the Master to enquire as to a proper allowance; and also, after deducting the sum that may be allowed, to state the balance due for the money mentioned in the said bond.
 

 Per
 
 Curiam. Decree accordingly.