NANCY E. SIMS, by her Guardian W. R. Sprinkle v. W. M. SIMS.

*Action for Divorce—Lunatic—Void Marriage—Guardian of Lunatic—Removal—Right of Guardian of Lunatic to Maintain Action for Divorce—Confirmation of Report in Inquisition of Lunacy.*

1. A marriage with a declared lunatic is absolutely void *ab initio.*

2. A marriage void on account of lunacy cannot be cured by cohabitation after restoration; being a nullity, such marriage could only be remedied by proceedings to set aside the inquisition of lunacy for fraud or other good ground or by a new marriage.

3. An action for divorce may be maintained by a guardian of a lunatic in the name of his ward.

4. The appointment of a guardian for a lunatic is valid until the proceedings and orders under the inquisition are reversed.

5. *Ex parte* proceedings to have a lunatic declared sane, brought without service of notice upon the guardian of such lunatic, are a nullity as well as an order made in such proceedings removing the guardian without notice. (Section 217(3) of *The Code.*)

6. The report of a jury in an inquisition of lunacy need not be formally "confirmed" by the Clerk of the Superior Court, the statute only requiring it to be "filed and recorded."

ACTION for divorce brought by Nancy E. Sims, by her guardian, W. R. Sprinkle, against W. M. Sims, tried before *Starbuck, J.,* and a jury at Fall Term, 1897, of WILKES Superior Court.

The action is entitled "Nancy E. Sims, by her guardian, W. R. Sprinkle v. W. M. Sims." On the trial the following issues were submitted:

1. Is the action brought in the name of the proper party, *to-wit:* W. R. Sprinkle, Guardian?

2. Did Nancy E. Sims have sufficient mental capacity to enter into a marriage contract with W. M. Sims on the 14th day of November, 1893?

121—38

On October 2, 1893, a proceeding was begun to enquire into the mental condition of Nancy E. Sims, who at that time was Nancy E. Sprinkle. Accordingly, a jury was summoned, who found and reported her to be incompetent, for want of understanding, to manage her business affairs and subsequently the application of W. R. Sprinkle to be appointed her guardian was granted and he was accordingly appointed by the Clerk of the Superior Court in March, 1895. Thereafter, in August, 1895, under an order of the Clerk of the Superior Court, in a proceeding for that purpose, a jury found that Nancy Sims was sane and competent to transact the ordinary business affairs of life, and upon the coming in of the report it was adjudged "that the report of the said jury be and the same is hereby in all things confirmed and approved by the Court; and the Court doth declare her, the said Nancy E. Sims, to be of sane mind and competent to attend to the ordinary business affairs of life, and doth further order that William Sprinkle be removed from his said office as guardian of her personal property and turn over the same to her or her duly authorized agent, and that he at once report to this Court the condition of the estate and the manner in which he has carried out this judgment; that notice issue to said former guardian informing him of his removal," etc. It is admitted that Sprinkle was not a party to and had no notice of said petition of W. M. Sims to remove him as guardian. It was admitted that Sprinkle had filed no report as guardian up to the time of this trial. After hearing the evidence his Honor decided that Sprinkle, as guardian, had the right to bring this action, and answered the first issue, "Yes." Defendant excepted. The plaintiff introduced evidence in support of his contention on the second issue, the defendant offered no evidence, and the jury answered said issue, "No." Defendant moved for a new trial for error in holding that the action was properly

brought by Sprinkle as guardian. Motion overruled. Defendant excepted.

Judgment was thereupon rendered dissolving the marriage and defendant appealed.

*Messrs. Glenn & Manly,* for plaintiff.
*Mr. W. W. Barber,* for defendant (appellant).

CLARK, J.: On November 11, 1893, Nancy E. Sims, under appropriate proceedings begun sometime previous, was duly found by the jury to be mentally imbecile. The jury in the present case find that the alleged marriage with the defendant took place on the 14th of November, 1893. Such marriage is absolutely void *ab initio* and can be at any time so declared by the Courts. *Crump* v. *Morgan,* 38 N. C., 91, which has been often cited and approved (Womack's Digest No. 2005) and of late years in *Webber* v. *Webber,* 79 N. C., at p. 576 and *Baity* v. *Cranfill,* 91 N. C., at p. 298. The power of the Courts to declare marriages a nullity for incapacity of one of the parties, though not an adjudged lunatic at the time of the marriage, is also held in *Johnson* v. *Kincade,* 37 N. C., 470; *Setzer* v. *Setzer,* 97 N. C., 252; *Lea* v. *Lea,* 104 N. C., 603. This might be done even after the death of parties (*Gathings* v. *Williams,* 27 N. C., 487, though issue could not be bastardised) but it must be done in a direct proceeding, as in this case, and not incidentally. *Williamson* v. *Williams,* 56 N. C., 446. Such action is for a divorce (*Lea* v. *Lea, supra*) and all actions for a lunatic can be brought either in the name of the guardian or in the name of the lunatic by the guardian. *Crump* v. *Morgan, supra; Shaw,* Guardian v. *Burney,* 36 N. C., 148.

W. L. Sprinkle, son of Nancy E. Sims, was duly appointed her guardian after the aforesaid inquisition of lunacy, and such proceedings and orders are "valid until reversed or superseded." *Bethea* v. *M'Lennon,* 23 N. C., 523. The

*ex parte* proceedings brought by the husband in 1895 to have the wife declared sane were without any notice or service upon the guardian to whom the law had confided the protection of her rights, and hence were a nullity, *Code*, Section 217 (3), as was also the subsequent order, founded thereon, removing him without notice. Indeed, the marriage at the time of a legally declared lunacy, being a nullity, could only have been remedied by proceedings to set aside the inquisition of lunacy for fraud or other good ground, or by a new marriage if the lunatic is since found to be restored. The void marriage on account of lunacy could not be cured merely by cohabitation after restoration. Marriages entered into by parties under the legal age however, being not void but voidable, can be validated by cohabitation after arrival at the marriageable age. *State* v. *Parker*, 106 N. C., 711; *Koonce* v. *Wallace*, 52 N. C., 194.

His Honor correctly adjudged that W. R. Sprinkle was authorized to bring this action. There is no other exception. As to the argument that the record does not affirmatively show that the report of the jury had been "received and confirmed" it is not required. *The Code*, Section 1670 only requires the Clerk to "file and record" it. But if it had been a case in which the Court was empowered to confirm the report, as the Clerk acted on it by appointing the guardian, the confirmation would have been presumed in the absence of evidence to the contrary, on the maxim *omnia presumuntur rite acta*. The jury found, further, that Nancy E. Sims did not have mental capacity to enter into the marriage with the defendant on the 14th of November, 1893, but this was unnecessary, as the marriage with a declared lunatic was *ipso facto* void. *Crump* v. *Morgan, supra.*

Affirmed.