### H. M. SMITH v. FRANCES HEPINSTALL SMITH.

(Filed 25 September, 1946.)

**1. Insane Persons § 14—**

G. S., 1-97 (3), provides the method of service of process on insane persons generally in all classes of actions against them, and process in an action for divorce may be served under its provisions.

**2. Divorce § 2½—**

Defendant in a divorce action cannot consent to the decree but can only elect to defend or abstain from answering.

**3. Divorce § 3: Insane Persons § 15—**

Where, in an action for divorce against a person who has been declared *non compos mentis*, process has been duly served in accordance with G. S., 1-97 (3), the duly appointed guardian *ad litem* must answer, G. S., 1-67, and demurrer of the guardian *ad litem* on the ground that the marital relation is such that the spouse alone may elect to prosecute or defend the action and that defendant's inability to appear and answer in person defeats the jurisdiction of the court, is untenable.

APPEAL by plaintiff from *Harris, J.,* at June Term, 1946, of WAKE. Reversed.

Civil action for divorce under G. S., 50-6, heard on motion to dismiss for want of jurisdiction.

Plaintiff and defendant intermarried in 1919. In July, 1938, they entered into a separation agreement and since that time have lived separate and apart. In July, 1942, defendant was adjudged *non compos mentis* and committed to the State Hospital at Morganton, where she has since remained.

Summons herein was duly served by the sheriff of Burke County in the manner provided by G. S., 1-97 (3).

On 1 April, 1946, on application of plaintiff, James C. Little, Jr., was duly appointed guardian *ad litem* for defendant. Being duly served with summons, he appeared and answered. Thereafter, on 13 June, 1946, he moved to dismiss the action for want of jurisdiction for that "the purported service of summons on Frances Hepinstall Smith, incompetent, was made in conformance with the provisions of the North Carolina statutes, but that this defendant believes that said statute applies only in actions where property rights of an incompetent are involved. This defendant believes and asks the court to hold that in this action the rights of the defendant, Frances Hepinstall Smith, and the questions involved are of so personal a nature that the defendant, James C. Little, Jr., guardian *ad litem* of Frances Hepinstall Smith, cannot properly answer the complaint or defend this action, and that no one other than the said Frances Hepinstall Smith could properly defend this action."

The motion was allowed and judgment entered dismissing the action. Plaintiff excepted and appealed.

*Smith, Leach & Anderson for plaintiff, appellant.*
*James C. Little, Jr., for defendant, appellee.*

BARNHILL, J. It is conceded that defendant has been "judicially declared of unsound mind"; that she is now confined in a State institution for the insane; and that summons herein was served as required by G. S., 1-97 (3).

The guardian *ad litem* bases his motion to ·dismiss on the grounds that (1) process may be served on an insane person as provided by G. S., 1-97 (3), only in cases involving property or property rights, and (2) the marital relation is such that the spouse alone may elect to prosecute or defend an action for divorce.

G. S., 1-94, provides that summons shall be served by delivering a copy thereof to the defendant or defendants therein named, and G. S., 1-97, prescribes the manner of delivering such copies. The statute is general in terms and all-inclusive in scope. There is nothing therein to indicate an intent to exclude any particular class of cases. Indeed, if divorce actions are excluded, then there is no statutory provision for service in such cases. *Cf.* ch. 755, Session Laws, 1945.

"If the declared incompetent has no committee or guardian service of notice may be made upon him personally or the notice may be returned without actual service with the endorsement required by the statute when service cannot be made without danger of injury to him, but in no event should final judgment be rendered against him without adequate notice to his committee, or to his general or testamentary guardian, or to a guardian *ad litem* duly appointed by the court." *Hood, Comr. of Banks, v. Holding,* 205 N. C., 451, 171 S. E., 633.

The intriguing contention that the right to prosecute or defend an action for divorce is strictly personal to the spouse and the election cannot be made by a legal representative is based on the holding in *Worthy v. Worthy,* 36 Ga., 45. There the plaintiff was insane. The action was instituted in her name by a next friend. It was held that the right to sue for a divorce must be regarded "as *strictly personal* to the party aggrieved," and that it was for the plaintiff alone to determine how long and to what extent she would condone the infidelities of a faithless husband and "whether . . . the wife will continue to regard him as her husband, and live with him as his wife *is for her decision only.*"

Even if we concede its force in respect to the plaintiff in a divorce action, this ratiocination·may not be applied to the facts appearing on this record. Plaintiff has made the election to seek a dissolution of the

marital contract. Defendant, if sane, could not assent to the decree. She could only elect either to defend or abstain from answering. Being insane, she must appear through her duly appointed representative, G. S., 1-64, and he must answer, G. S., 1-67.

The insanity of defendant and her consequent inability to appear and answer in person does not defeat the jurisdiction of the court.

The only question here presented is that of jurisdiction. Neither the merits of the cause nor the course of future proceedings is considered or decided. *Stratford v. Stratford,* 92 N. C., 297. Let the plaintiff pay the costs.

The judgment below is
Reversed.