VIOLET FREEMAN, GENERAL GUARDIAN OF HERSHELL ROBERT FREEMAN, JR., AND VIOLET FREEMAN, INDIVIDUALLY v. IVA DEAN TRIVETTE FREEMAN

No. 7725DC14

(Filed 19 October 1977)

Divorce and Alimony § 13; Insane Persons § 8— divorce action by guardian

The general guardian of an insane or incompetent person may not maintain on behalf of such person an action for divorce based on a year's separation. G.S. 33-20.

APPEAL by defendant from *Tate, Judge*. Judgment entered 15 October 1976, in District Court, BURKE County. Heard in the Court of Appeals 28 September 1977.

Plaintiff Violet Freeman, general guardian of her son, Hershell Robert Freeman, Jr., instituted an action for divorce based on one year's separation, against Freeman, Jr.'s wife. Defendant made a motion to dismiss alleging that plaintiff as general guardian did not have the authority to bring an action for divorce. The trial court denied the motion and subsequently granted the absolute divorce.

Defendant appeals.

*Mitchell, Teele & Blackwell, by Hugh A. Blackwell, for plaintiff appellee.*

*West, Groome, Baumberger, Tuttle & Thomas, by Carroll D. Tuttle, for defendant appellant.*

ARNOLD, Judge.

The question presented by this appeal, whether a general guardian of an insane or incompetent person may maintain an action for divorce based on a year's separation, has not been previously decided by the courts of this State. *See*, 1 Lee, North Carolina Family Law § 59 (n. 188) (1963 and 1976 Cum. Supp.). We conclude that such an action cannot be maintained.

The powers granted a general guardian by statute are found in G.S. 33-20.

"§ 33-20. Guardian to take charge of estate. — Every guardian shall take possession, for the use of the ward, of all his estate, and may bring all necessary actions therefor."

An action for divorce based upon one year's separation is not a necessary action within G.S. 33-20. The statutory provisions following G.S. 33-20, which may be viewed as a clarification of the powers granted by G.S. 33-20, cover such things as rentals (G.S. 33-21), cultivation of lands of wards (G.S. 33-23, -24), and collection of claims (G.S. 33-28). Nowhere in Chapter 33 (Guardian and Ward) or Chapter 35 (Persons with Mental Diseases and Incompetents) is there express statutory authority for the general guardian of an incompetent to bring an action for divorce.

The majority of states hold that a divorce cannot be maintained on behalf of a mentally incompetent spouse by a guardian, committee, or next friend. *See* Annot., 6 A.L.R. 3d 681 (1966). The annotation states:

"The basis for this rule appears to be the belief that there are no marital offenses which of themselves work a dissolution of

the marital relation, and the right of the injured party to regard the bond of marriage as indissoluble because of religious affiliation or for other reasons is considered so strictly personal that such relation should not be dissolved except with the personal consent of the injured spouse, which cannot be given where he or she is insane."

*Id.* at 683.

We find only two jurisdictions which follow the minority view that a guardian, committee, or next friend may bring a divorce action on behalf of an incompetent spouse. Of those two, Massachusetts' holdings are based upon an express statute, and Alabama's holdings are based upon judicial construction of a general statute relating to actions by insane persons. *Id.* at 683-84.

Plaintiff cites *Smith v. Smith*, 226 N.C. 544, 39 S.E. 2d 458 (1946), for the proposition that the provisions of Chapter 33 are not an exclusive itemization of the powers of a guardian. In *Smith* the guardian *ad litem* was permitted to defend the action brought against his ward for divorce. In that case, the defendant guardian argued that the marital relation is such that the spouse alone may elect to prosecute or defend an action for divorce. Responding to that argument, the court stated:

"The intriguing contention that the right to prosecute or defend an action for divorce is strictly personal to the spouse and the election cannot be made by a legal representative is based on the holding in *Worthy v. Worthy*, 36 Ga., 45. There the plaintiff was insane. The action was instituted in her name by a next friend. It was held that the right to sue for a divorce must be regarded 'as *strictly personal* to the party aggrieved,' and that it was for the plaintiff alone to determine how long and to what extent she would condone the infidelities of a faithless husband and 'whether . . . the wife will continue to regard him as her husband, and live with him as his wife *is for her decision only.*'

"Even if we concede its force in respect to the plaintiff in a divorce action, this ratiocination may not be applied to the facts appearing on this record. Plaintiff has made the election to seek a dissolution of the marital contract. Defendant, if sane, could not assent to the decree. She could only elect either to defend or abstain from answering. Being insane, she must appear through her duly appointed representative, G.S., 1-64, and he must answer, G.S., 1-67."

*Id.* at 545-46, 39 S.E. 2d at 460.

While we do not disagree with plaintiff's argument that the provisions of Chapter 33 are not an exclusive itemization of a guardian's powers, we find no authority in *Smith* which will permit a guardian to maintain an action for divorce.

There has been no case in North Carolina which has allowed a general guardian to maintain a divorce action in the sense that we refer to such an action. *Sims v. Sims*, 121 N.C. 297, 28 S.E. 407 (1897), allowed a general guardian of a lunatic to annul a marriage that she had entered into while still adjudged a lunatic. The court stated, 121 N.C. at 299, 28 S.E. at 408, that "[s]uch marriage is absolutely void *ab initio* and can be at any time so declared by the courts." As plaintiff points out, the court went on to say that "[s]uch action is for divorce (*Lea v. Lea* . . . , [104 N.C. 603, 10 S.E. 488 (1889)]), and all actions for a lunatic can be brought either in the name of the guardian or in the name of the lunatic by the guardian." *Id.* In the *Lea* case the Supreme Court held that the action to have a marriage declared void due to a pre-existing marriage is an action for "divorce" and that alimony *pendente lite* may be awarded. The court noted that there were three kinds of divorces but it addressed only one—divorce on the nullity of the marriage contract. Assuming that we accept the idea that annulment is a type of divorce even today, we construe the *Sims* case to apply only to those divorces which are in essence annulments based upon the incompetency of a person at the time of his or her marriage.

The majority rule that a suit for divorce is so personal and volitional that it cannot be maintained by a guardian on behalf of an incompetent is sound. In the absence of statutory authority to bring such an action we hold that an action for divorce based upon one year's separation cannot be maintained by a general guardian on behalf of an incompetent. The judgment granting divorce is

Reversed.

Chief Judge BROCK and Judge PARKER concur.