648 So.2d 193 (1994)
Norma VAUGHAN, Appellant,
v.
GUARDIANSHIP OF Clarence Buford VAUGHAN, Appellee.
No. 94-91.
District Court of Appeal of Florida, Fifth District.
December 16, 1994.
*194 Marilyn J. Hochman, Winter Park, for appellant.
Donald W. Scarlett of Donald W. Scarlett, P.A., Orlando, for appellee.
COBB, Judge.
The issue posed by this appeal is whether the guardianship court erred in granting authority to the guardian of the person to initiate a dissolution action on behalf of the ward. This case was previously before this court after entry of a judgment of dissolution. We reversed that judgment and remanded to the lower tribunal for compliance with the procedural requirements of section 744.3725, Florida Statutes. See Vaughan v. Vaughan, 630 So.2d 1150 (Fla. 5th DCA 1993).
The appellant Norma Vaughan contends that section 61.052 and section 744.3215, when read together, are ambiguous and vague, and thus should be interpreted to preclude a guardian, committee, or next friend from bringing an action for divorce on behalf of an incompetent person. She argues that this is the majority rule in the United States.
In 1950, long before the above referenced statutes were enacted, the Florida Supreme Court addressed the issue of whether a guardian can initiate a dissolution proceeding on behalf of his ward. In Scott v. Scott, 45 So.2d 878, 879 (Fla. 1950), the court stated:
In answer to the certified question propounded, it is our view, which we think to be supported by the great weight of authority, that in the absence of a statute specifically authorizing suit for divorce by a guardian on behalf of an insane ward the right to maintain the suit is of such a strictly personal and volitional nature that it must, of necessity, remain personal to the spouse aggrieved by the acts and conduct of the other... .
The Second DCA adopted this view in Wood v. Beard, 107 So.2d 198, 199 (Fla. 2d DCA 1958):
The rule is well established in the United States by the overwhelming weight of authority that a guardian of a mentally incompetent person cannot bring and maintain an action for divorce on behalf of his insane ward unless there has been legislative enactment to authorize such procedure.
See also, Cohen v. Cohen, 346 So.2d 1047 (Fla. 2d DCA 1977) (guardian cannot initiate suit seeking dissolution of ward's marriage).
Indeed, the great weight of authority supports this view. In re Marriage of Drews, 115 Ill.2d 201, 104 Ill.Dec. 782, 503 N.E.2d 339 (1986), cert. denied, 483 U.S. 1001, 107 S.Ct. 3222, 97 L.Ed.2d 729 (1987); Mallory v. Mallory, 113 Misc.2d 912, 450 N.Y.S.2d 272 (1982); Freeman v. Freeman, 34 N.C. App. 301, 237 S.E.2d 857 (1977); Jackson v. Bowman, *195 226 Ark. 753, 294 S.W.2d 344 (1956); State ex rel. Quear v. Madison Circuit Court, 229 Ind. 503, 99 N.E.2d 254 (1951); Cox v. Armstrong, 122 Colo. 227, 221 P.2d 371 (1950); Phillips v. Phillips, 203 Ga. 106, 45 S.E.2d 621 (1947); Mohrmann v. Kob, 291 N.Y. 181, 51 N.E.2d 921 (1943); Johnson v. Johnson, 294 Ky. 77, 170 S.W.2d 889 (1943); Stevens v. Stevens, 266 Mich. 446, 254 N.W. 162 (1934); Mohler v. Shank's Estate, 93 Iowa 273, 61 N.W. 981 (1895); Birdzell v. Birdzell, 33 Kan. 433, 6 P. 561 (1885). See also Annotation, Power of Incompetent Spouse's Guardian, Committee, or Next Friend to Sue for Granting or Vacation of Divorce or Annulment of Marriage, 6 ALR3d 681 (1966).
In 1969, nearly twenty years after the supreme court's pronouncement in Scott, the legislature enacted section 61.042, Florida Statutes (1969), which added to the list of nine grounds for divorce an additional ground of "incurable insanity." However, the remainder of the section clearly indicates that the legislature intended that all such dissolution actions based on this ground be initiated by the sane spouse. Specifically, section 61.042 provides that notice of the action shall be served upon a relative or guardian of the insane person; that the guardian shall defend and protect the interests of the insane spouse; and that the "plaintiff" shall be required to provide for the care and maintenance of the insane "defendant."
In 1971, Florida adopted no-fault divorce and the statutory provisions regarding grounds for divorce were rewritten and consolidated:
61.052 Dissolution of marriage. 
(1) No judgment of dissolution of marriage shall be granted unless one of the following facts appears, which shall be pleaded generally:
(a) The marriage is irretrievably broken.
(b) Mental incapacity of one of the parties. However, no dissolution shall be allowed unless the party alleged to be incapacitated shall have been adjudged incapacitated according to the provisions of s. 744.331 for a preceding period of at least 3 years. Notice of the proceeding for dissolution shall be served upon one of the nearest blood relatives or guardian of the incapacitated person, and the relative or guardian shall be entitled to appear and to be heard upon the issues. If the incapacitated party has a general guardian other than the party bringing the proceeding, the petition and summons shall be served upon the incapacitated party and the guardian; and the guardian shall defend and protect the interests of the incapacitated party. If the incapacitated party has no guardian other than the party bringing the proceeding, the court shall appoint a guardian ad litem to defend and protect the interests of the incapacitated party. However, in all dissolutions of marriage granted on the basis of incapacity, the court may require the petitioner to pay alimony pursuant to the provisions of s. 61.08.
A guardian's right to initiate dissolution proceedings on behalf of his ward is supported by section 744.3215(4)(c) of the guardianship statutes:
744.3215 Rights of persons determined incapacitated. 
.....
(4) Without first obtaining specific authority from the court, as described in s. 744.3725, a guardian may not:
.....
(c) Initiate a petition for dissolution of marriage for the ward.
This section was enacted in 1989, at which time the legislature clearly envisioned circumstances which would justify authorizing a guardian to undertake the admittedly very personal act of seeking a dissolution on behalf of an incapacitated ward. Although section 744.3725 provides that the above-quoted provision is procedural only and not intended to "establish any new or independent right to or authority over ... dissolution of marriage," the question of who will bring the action is merely procedural. It is from section 61.052 that the guardian's authority to initiate the dissolution is derived, not section 744.3215. Based on this analysis, we find that it is within the province of the guardianship court, based upon a proper evidentiary showing as to the ward's best interest, to *196 authorize a guardian to initiate a dissolution action on behalf of the ward against a competent spouse.
In the instant case, however, we must agree with the appellant that it was error for the guardianship court to enter its order of authorization dated December 29, 1993, without a noticed evidentiary hearing affording Norma Vaughan the opportunity to present evidence in support of her contention that dissolution would not be in the ward's best interest. Such a hearing is mandated by Rule 5.635 of the Florida Probate Rules and due process considerations. When we directed in Vaughan that an authorization order be refiled to meet the requirements of section 744.3725, Florida Statutes, it should have been clear to the guardianship court that effectuation of that statute requires compliance with the aforesaid procedural rule which implements it. We must therefore reverse the instant order and remand for a noticed, adversarial hearing before the guardianship court on the guardian's petition for authorization.
We leave the issue of an award of attorney's fees by the guardianship court to its discretionary consideration prior to, or at the time of, the noticed adversarial hearing to be held on the guardian's petition. See § 744.421, Fla. Stat. (1993).
We also note that in the event that a dissolution action is properly authorized by the guardianship court, the issues for resolution by the dissolution court would then be: (1) whether Buford Vaughan has been adjudged incapacitated according to the provisions of section 744.331 for a preceding period of at least three years;[1] and (2) the property rights of the respective parties. The question of the best interest of the ward cannot be relitigated by the dissolution court.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] See § 61.052(1)(b), Fla. Stat. (1993).