730 So.2d 1287 (1999)
Alan Bruce MOGUL, etc., Petitioner,
v.
Reba MOGUL, Respondent.
No. 98-3513.
District Court of Appeal of Florida, Fifth District.
May 14, 1999.
*1288 Shannon McLin Carlyle of Shannon McLin Carlyle, P.A., Leesburg, and Patricia L. Strowbridge of Patricia L. Strowbridge, P.A., Orlando, for Petitioner.
Michael Sigman, Orlando, for Respondent.
W. SHARP, J.
Alan Mogul, an incompetent person, by and through his legal guardian, Max Mogul (his father) petitions this court for a writ of certiorari to review an order of the trial court which allows Reba Mogul (Alan Mogul's wife), to depose duces tecum, Max Mogul and his wife, Ruth Mogul, concerning their personal finances. We grant the writ and quash the discovery order.
The proceeding below grew out of strange and sad circumstances. Alan and Reba Mogul were married on January 5, 1991 and have one child, Alexis. On September 4, 1992, Alan suffered a "suspicious" overdose of prescription migraine headache medication, which left him severely brain damaged. The incident occurred in the couple's home the night Reba decided to leave the marriage. Reba indicated to a neighbor that she waited until Alan had stopped breathing and she thought he was dead, before calling 911 for emergency assistance.
Alan Mogul resides in a nursing home. He was adjudicated incompetent on December 1, 1993. Max Mogul was appointed his plenary guardian on January 24, 1994.
On April 15, 1994, Max and Ruth Mogul individually and on behalf of Alan Mogul, filed a petition for visitation with Alexis in DR94-4686. They sought enforcement of a settlement agreement against Reba, on behalf of Alan, and further additional reasonable visitation. The parties entered into another settlement agreement, styled a "Grandparent's Visitation Settlement Agreement." It was approved and incorporated in an order dated December 1, 1994. However, the grandparents (Max and Ruth) were forced to file numerous motions for contempt because Reba failed to abide by the court's order.
On July 19, 1995, Reba filed a motion for attorney fees, claiming the right to fees pursuant to the settlement agreement as well as by statutory construction. However, there is nothing in the settlement that obligated the grandparents under any circumstance to pay any portion of Reba's attorney fees. In fact, the agreement contains the following clause which precludes such an interpretation.
Each party understands and agrees that this Agreement constitutes the entire Agreement between them and supersedes any prior understandings or agreements between them. There are no representations or warranties between them other than those set forth in this Agreement and any written modifications thereto.
Thereafter, Max Mogul, in his capacity as guardian, filed a motion to amend the petition for modification to clarify that it was brought by him solely as the legal guardian of Alan Mogul, and to remove Ruth as a party to the action. The trial court granted the motion by an order dated September 10, 1996. The court also permitted Max Mogul to file an amended petition for modification in DR 94-4686. It rendered the following order:
The Petitioner's Motion for Leave to file an Amended Supplemental Petition for Modification seeking to eliminate Ruth Mogul as a party to the action and eliminate any reference or inference to suggest *1289 Ruth Mogul or Max Arthur Mogul are bringing the Petition in any individual capacity or on behalf of Alexis Mogul, their granddaughter, is hereby GRANTED. The Amended Supplemental Petition shall be pursued only by Max Arthur Mogul, as legal guardian for Alan Bruce Mogul, the natural father. (emphasis supplied).
The court entered an amended order that stated in part:
B. Subsequent to the entry of the Order, the Supplemental Petition was modified to properly indicate who the "petitioner" is in this matter. Previously, both grandparents were listed as "petitioners" on behalf of the minor child, and the grandfather was listed as a `petitioner' due to his position as legal guardian of Alan Mogul, the child's father. The Supplemental Petition sought to have the primary residential responsibility to the child transferred to the father, Alan Mogul, and the grandparents. Alan Mogul correctly has standing under the statute and case law to seek primary residential responsibility of his daughter, and that status can be sought for him by his legal guardian, Max Mogul, on his behalf. The grandparents, however, did not have standing to seek this relief in their own name. The Amended Supplemental Petition eliminates both grandparents as parties to these proceedings, and clearly places the grandfather's involvement as limited to his role as legal guardian of the father. Neither grandparent is personally a named petitioner any longer. (emphasis supplied).
C. Paragraph D of the August 26, 1996 Order provides that the grandparents must respond to propounded interrogatories, requests to produce, subpoenas duces tecum, and questions propounded in depositions regarding their individual financial information within 45 days of the Order. However, the grandparents personally are no longer named parties in this action.
D. The grandparents['] financial disclosure is not relevant to the instant action, in its current posture.
Max Mogul then asked the trial court to vacate that part of the order compelling discovery. In an order rendered on January 7, 1997, the court granted the motion, stating:
Those portions of that Order requiring personal financial disclosure on the part of Max Arthur Mogul and Ruth Mogul are hereby vacated and rendered of no continuing force or effect.
On April 9, 1997, after the three-year statutory minimum time period had run, pursuant to section 61.052(1)(b), Florida Statutes (1997), Max Mogul as guardian of Alan Mogul, filed a petition for dissolution from Reba Mogul in DR 97-4417. He sought attorney's fees from Reba. Reba answered the petition and filed a counterpetition. She filed a motion to consolidate the dissolution case with the modification case, DR 94-4686, which was granted. In her counterpetition, Reba also sought an award of attorney's fees.
Reba Mogul then filed a notice of production from a non-party, attaching a subpoena duces tecum without deposition. The pleading notified Alan Mogul she was planning to apply to the clerk of the court for a subpoena directing Regions Bank to produce all records for the past three years concerning any accounts in the names of Max, Ruth, and/or Alan Mogul. On May 15, 1998, Alan's attorney objected to the subpoenas on the ground that Max and Ruth had not authorized release of the information requested, that the attorney in the cause represented only Alan Mogul, that Max and Ruth have no legal obligation to disclose such financial information, and that the lower court had ruled the information regarding them is irrelevant and immaterial. Further, the attorney asserted that Ruth Mogul is not a party to this action in any capacity, and Max Mogul's role is limited to an appearance as the legal guardian of Alan Mogul.
On November 20, 1998, Reba Mogul filed two notices of taking deposition duces tecum, scheduling the depositions of Max and Ruth Mogul. The notice was later amended to reflect that Max's deposition would be taken in his individual capacity as well as the guardian of Alan Mogul. The court ruled on November 30, 1998, that Reba's attorney could take the discovery depositions of Max and Ruth Mogul, in their individual capacities, "as it bears materially on all matters of *1290 finance, attorney's fees, court costs and other attendant matters." That is the order for which certiorari review is being sought.
The financial information of private persons is entitled to protection by this state's constitutional right of privacy,[1] if there is no relevant or compelling reason to compel disclosure.[2] Here, Max and Ruth are no longer parties in their individual capacities to any action pending before the court. The dissolution action and modification case which have been consolidated concern Max Mogul only in his capacity as legal guardian of Alan Mogul.
Pursuant to such a proceeding, a guardian may initiate a dissolution action on behalf of the ward against a competent spouse. See §§ 744.3215(4)(c) & 744.3725, Fla. Stat. (1997). See also Vaughan v. Guardianship of Vaughan, 648 So.2d 193 (Fla. 5th DCA 1994). Section 744.108 authorizes an award of attorney's fees against the incompetent spouse. However, there is no provision making the guardian personally liable for attorney's fees incurred by the incompetent spouse, or by the opposing competent spouse. Further, pursuant to chapter 61, the chapter on dissolution of marriages, attorney's fees may be awarded based on a spouse's need and the other spouse's ability to pay.[3] But nothing in that statute or chapter authorizes a court to order anyone other than a spouse to pay the opposing spouse's attorney's fees.
We cannot conceive of how the private financial information of the two parents of the incompetent spouse has any relevance to the issues before the court in these two consolidated proceedings. Their personal, individual finances should play no part in the court's determination to award attorney's fees to either Reba or to Alan, against the other, or to award of costs and expenses. It is true that pursuant to section 752.01, grandparents may be ordered to contribute to an opposing spouses' attorney's fees in a grandparent visitation proceeding. But neither of the consolidated cases are grandparent visitation cases. The orders quoted above clarify that point.
The disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. Woodward v. Berkery, 714 So.2d 1027 (Fla. 4th DCA), rev. denied, 717 So.2d 528 (Fla.1998). Because there is no basis to conclude the personal financial information sought in this cause is relevant, we grant the writ and quash the discovery order under review. Cf., Universal Engineering Testing Co., Inc. v. Israel, 707 So.2d 900 (Fla. 5th DCA 1998). However, this opinion does not bar discovery of assets or accounts which belong in whole or part, to Alan Mogul, albeit held in his name, or jointly with another person, including Max Mogul or Reba Mogul.
Petition for Writ of Certiorari GRANTED; Order QUASHED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] Art. I, § 23, Fla. Const.
[2] Allstate Insurance Co. v. Langston, 655 So.2d 91, 95, n. 2 (Fla.1995).
[3] § 61.16(1), Fla. Stat. (1997).