EDWARDS, J.
Petitioner, Charles Letchworth, seeks a writ of certiorari to quash a discovery order requiring him to furnish certain financial information and documents to Karen Pannone (“Respondent”). We grant the petition only with regard to the portion of the order that requires Petitioner to provide all financial information and documents for accounts that are held jointly by Petitioner and certain nonparties. In this case, an in camera inspection of the documents allegedly containing discrete financial information relating solely to the non-parties to the exclusion of Petitioner is required before ordering production of those specific documents. That will avoid unnecessary disclosure of the nonparties’ privileged financial information. In all other respects, certiorari is denied.
This Court has long held that cer-tiorari is the correct vehicle to obtain immediate review of discovery orders that compel disclosure of confidential or privileged information. Ins. Co. of N. Am. v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981). “The applicable standard of review is whether the challenged order is a departure from the essential requirements of the law, which causes material injury throughout the law suit, leaving the petitioner with no other adequate remedy to review the alleged erroneous order.” Beverly Enterps.-Fla., Inc. v. Ives, 832 So.2d *290 161, 162 (Fla. 5th DCA 2002) (citations omitted). Requiring production of privileged materials may result in “irreparable harm such as might be occasioned by an order that would let the ‘cat out of the bag.’” Id.; see also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), superseded by statute on other grounds, § 768.22, Fla. Stat. (1989), as stated in Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991).
In the underlying action, Respondent filed her verified complaint against her husband, Raymond Pannone (“Respondent’s Husband”)[1] and Petitioner, asserting a shareholder’s derivative action on behalf of Airport Fuel Enterprises, Inc. (“AFE”) and Semoran Liquors, LLC (“Semoran”). Respondent is a shareholder in both corporate entities, and Petitioner and Respondent’s husband are managing members of the same. The complaint alleges that Petitioner and Respondent’s husband breached their fiduciary duties owed to her as a shareholder of the companies, in part by diverting inventory from the corporations for their own personal use and purpose. Specifically, Respondent alleged that the accountant for both companies could not account for missing inventory in the sum of $400,000 for the year 2012. She alleges that Petitioner and Respondent’s husband sold some or all of the missing inventory and kept the money for themselves. The complaint also included separate counts for appointment of a receiver for each company to prevent further mismanagement by Petitioner and Respondent’s husband.
Respondent propounded her first Request for Production on Petitioner, seeking thirteen separate categories of documents containing financial information. Petitioner objected on the basis that most of the requests were irrelevant, immaterial, unduly burdensome, designed solely for the purpose of harassment, and not reasonably calculated to lead to the discovery of admissible evidence. Petitioner further objected that the request sought disclosure of documents that contained highly personal and confidential information of a person who is not a party to the action, namely Petitioner’s wife.[2] Respondent subsequently filed a motion to compel production of the information sought and submitted a memorandum regarding the relevance of each of the items included in the Request for Production.
The lower court, after considering all the arguments, entered an order that denied Respondent’s motion to compel as to nine of the thirteen requests. However, the lower court granted the motion to compel as to four of the requests after determining that the information and materials sought were relevant to the litigation. We find no error with the lower court’s order that requires Petitioner to provide the documents called for in paragraphs one, two, and three of the Request for Production and deny the petition as to those requests. Financial information is discoverable when it is related to the pending issues in the case. See Bd. of Tr. of the Internal Improvement Trust Fund v. Am. Educ. Enter., LLC, 99 So.3d 450, 457-58 (Fla.2012). Relevant financial documents can be ordered to be produced if the information may lead to the discovery of admissible evidence. Id. at 458. Petitioner’s personal financial information is po *291 tentially relevant to Respondent’s claims and is thus discoverable. Elsner v. E-Commerce Coffee Club, 126 So.3d 1261, 1263 (Fla. 4th DCA 2013).
The lower court’s order requiring Petitioner to produce the documents called for in paragraph seven of the Request for Production requires further consideration. As can be seen, this request seeks documents from Petitioner that may relate to nonparties as well:
Request No. 7: All periodic statements including copies of all cancelled checks, deposit statements, counter withdrawals, etc., from the last three (3) years for all checking accounts, savings accounts, money market funds, certificates of deposit, etc., regardless of whether or not the account has been closed, including those held: (a) in [Petitioner’s] name individually, (b) in [his] name jointly with any other person or entity, (c) in [his] name as trustee or guardian for any other person, or (d) in someone else’s name on [his] behalf.
According to Petitioner, documents from bank accounts jointly held with his wife and/or children will have to be disclosed in responding to Request No. 7 pursuant to the discovery order. Petitioner argues that the compelled disclosure of financial information in the underlying case is reviewable by certiorari, inter alia, because it will impact his wife and children, who are nonparties to the action. Although the disclosure of financial information generally cannot be reviewed by certiorari, there is an exception when personal, financial information is required to be disclosed by a person who is not a party to the litigation. See Bradstreet v. Taraschi, 529 So.2d 809, 810 (Fla. 5th DCA 1988) (holding that it is error to require a nonparty to disclose his income absent allegations of improper financial dealings between a party and a nonparty). “The financial information of private persons is entitled to protection by this state’s constitutional right of privacy.” Mogul v. Mogul, 730 So.2d 1287, 1290 (Fla. 5th DCA 1999). Thus, an order requiring disclosure of a nonparty’s personal financial information which is not relevant to the case would constitute a departure from the essential requirements of law, which could lead to irreparable harm. Id. However, discovery of relevant financial information and documents found in accounts jointly held by the responding party and nonparties is not automatically prohibited. Id.
The potential relevance of Petitioner’s own financial information has been demonstrated sufficiently to permit discovery, and we deny certiorari as to the requirement that Petitioner must provide the documents, including documents from joint accounts, responsive to Request No. 7 with one exception. It is unclear what discoverable information may be contained in the documents requested in Request No. 7 to the extent that specific documents from the joint accounts might disclose financial transactions or assets involving only Petitioner’s wife and/or children to the exclusion of Petitioner. Accordingly, certiorari is granted for the limited purpose of permitting Petitioner to identify, describe, and list on a privilege log any specific documents from the joint accounts which are responsive to Request No. 7 and that Petitioner asserts disclose financial transactions or assets involving only Petitioner’s wife and/or children to the exclusion of Petitioner. Respondent shall then advise Petitioner which of those listed documents she asserts are discoverable. After consultation with Respondent, Petitioner shall provide any documents still in dispute to the trial court for an in camera inspection and ruling on their discoverability.
Accordingly, the petition is granted in part and denied in part with directions to *292 the trial court to proceed in accordance with this court’s ruling.
PETITION GRANTED, in part; DENIED, in part, with INSTRUCTIONS.
ORFINGER and WALLIS, JJ., concur.

. Respondent separately filed for dissolution of marriage prior to commencing this action.

. Although not raised below, Petitioner asserts in his petition that his children may also be named in certain joint accounts and, thus, their private financial information, as well as his wife’s, might be involved.