RICHARD TARLESTON v. ANDREW BRILY.

*Error from Atchison County.*

On error from an order overruling a motion by appellant in District Court to dismiss the action, on the ground that the plaintiff (appellee) has failed to file a petition in District Court, it was *held* that the filing of a justice's transcript on appeal in District Court is not the commencement of a suit within the meaning of the Civil Code, but is the removal into the District Court of an action already commenced, and gives the Appellate Court

jurisdiction without the issuance or service of a summons, but presents no issue.

The appeal once perfected, the proceeding (even before the rule of the Supreme Court of 1863,) must in all respects be the same as though the action had been originally commenced therein. [*Sec.* 107 *Civil Code.*]

*Held* that an issue should be made up by the filing of pleadings, and *held* that when the court below was moved for an order dismissing the case, it should have sustained the motion or required the filing of a petition.

The fact that the court up to that time had failed to adopt a rule as contemplated by section 107 Civil Code, fixing the time for the filing of the pleadings, cannot be made to operate as a nullification of the statute.

Brily sued Tarleston before a justice and recovered. Tarleston filed a bond for appeal and filed a transcript for that purpose in the District Court. The transcript contained the "bills of particulars" of both plaintiff and defendant filed before the justice, but no further petition was filed by the plaintiff in the Appellate Court. The case was continued by Tarleston until the June term 1865, when the parties appeared and the defendant Tarleston moved the court to "dismiss the case" for the reason that no petition had been filed by the plaintiff, Brily, which motion was overruled and the action brought to trial, and objections were made to the introduction of any evidence on the ground that no petition had been filed, which motion was also overruled and judgment was rendered for Brily. A motion was made by Tarleston for a new trial, which was also overruled. These rulings were all duly excepted to, and the case comes here on a bill of exceptions.

*G. W. Glick* for plaintiff in error.

*Glen & Foster*, for defendant in error.

*G. W. Glick*, for plaintiff, submitted:

1st. The action should have been dismissed by the District Court because of no petition having been filed. *Austin* v. *Hayden*, 6 *Ohio Rep.*, 388; (*Condensed pp.* 158, 161); *Casper* v. *Warren*, 7 *Ohio*, 242, (*Cond.* 373); 9 *Ohio*

*S.*, 495; 6 *Ohio S.*, 692; 2 *Ohio*, 257; *Swan's Pl.*, secs. 62, 93, 107, 108, 109, *Civil Code.*

2d. There was no issue in the case. *Vail et al.* v. *Ely et al.*

3d. No evidence was admissible. *Civil Code*, secs. 269, 271.

No record of the points made by attorney for defendant in error have reached the hands of the reporter.

*By the Court*, CROZIER, C. J.

In this case the court is called upon to determine whether, before the adoption in January 1865 of the rule on the subject of pleadings to be filed in cases appealed from justices of the peace to the District Court, the law required a petition to be filed by the plaintiff when the appeal was taken by the defendant?

Section 107 of the act regulating the procedure before justices of the peace, provides that in cases appealed to the District Court "the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in that court." The 109th section requires the District Court to render judgment for the amount of the judgment of the justice in cases where the plaintiff appeals and fails to file a petition. It will be observed that neither of these sections in terms requires the filing of a petition, or any other pleading. A good reason cannot readily be found for requiring a petition to be filed when the plaintiff appeals and dispensing with it when the defendant is the appellant. The object in requiring pleadings in either case is, to present, in the ordinary manner of proceedings in the District Court, an issue to be tried. It is just as essential that there be an issue made up in one case as in the other. The latter section referred to, seems to contemplate that some preceding section required the filing of pleadings. As no other section very manifestly

will bear such construction, that requirement, if to be found in the statute, must be sought for in the 107th section.

After the appeal is perfected, the parties are to proceed in the same manner as if the cause had been commenced originally in the District Court, no matter which one is the appellant. The filing of the transcript presents no issue for trial. That merely brings the cause within the jurisdiction of the court. After that is done, an issue must be made up, the cause tried and judgment rendered as in any other cause. The filing of the transcript is not the commencement of a suit within the meaning of the Code. It is the removal of an action already commenced into the District Court. When it gets there, then the proceeding must, in all respects be the same as though originally commenced there. This would not require the issuing and service of a summons, because the filing of the transcript, under the statute, gives the court jurisdiction of the parties.

It may be said that no time is fixed for the filing of the pleadings. This cannot affect the question. The fact that the court has failed to adopt such rules as are contemplated by the Code, cannot be made to operate as a repeal or nullification of the statute; especially when the matter is presented directly to the court, as was done in this case by motion. When the court was asked to dismiss the case it was its duty to sustain the motion or to require a petition to be filed. Proceeding with it under such circumstances, without the filing of pleadings, was erroneous.

The judgment will be reversed and the cause sent back to be proceeded with in accordance to this opinion.

All the justices concurring.