### FIELDER & BROWN v. JENNINGS *ET AL.*

(126 S. E., 448)

1. INSANE PERSONS—BURDEN OF PROVING INSANITY IS ON PARTY WHO ALLEGES IT.—The burden of proving insanity rests on him who alleges it and seeks to avoid an act on account of it.

2. INSANE PERSONS—INSANITY MUST BE PROVED BY PREPONDERANCE OF EVIDENCE.—Fact of insanity must be proved by a preponderance of the evidence.

3. INSANE PERSONS—ADJUDICATION OF INSANITY PRIOR TO PURCHASE NOT CONCLUSIVE AS TO INCAPACITY AT TIME OF PURCHASE.—That buyer, prior to purchase of goods, had been adjudicated insane and committed to asylum, was not conclusive as to mental incapacity at time of purchase; question being mental condition at time of purchase.

4. INSANE PERSONS—WHETHER BUYER WAS INSANE AT TIME OF PURCHASE HELD FOR JURY.—In seller's action for price defended on ground that buyer was insane at time of purchase, question of insanity *held* for jury, notwithstanding evidence that he had been adjudicated insane and failure of evidence to show discharge from asylum.

5. EVIDENCE—TESTIMONY AS TO REPUTATION IN COMMUNITY FOR IN-
SANITY HELD NOT ADMISSIBLE.—In seller's action for price involving
issue as to whether buyer was insane at time of purchase, testimony
as to buyer's reputation in the community for insanity *held* not ad-
missible.

6. APPEAL AND ERROR—EXCLUSION OF TESTIMONY HELD HARMLESS IN
VIEW OF OTHER TESTIMONY.—In seller's action for price, involving
issue as to whether buyer was insane at time of purchase, exclusion
of testimony as to his general reputation in the community for in-
sanity *held* harmless, in view of ample testimony as to whether or
not he was incapacitated at such time.

Before MAULDIN, J., Spartanburg, October, 1923. Af-
firmed.

Action by Fielder & Brown, a partnership, against John
J. Jennings, *non compos mentis,* and T. M. Bishop, as his
committee. Judgment for plaintiff, and defendants appeal.

Plaintiff's evidence showed sales of goods to defendant
during September and November, 1920. One of the plain-
tiffs, testifying as to the transactions, stated that he had
never noticed anything peculiar about defendant except that
he was always very nervous.

Probate Court files, admitted as evidence for defendant,
showed that he had been adjudicated insane and committed
to asylum January 4, 1919, December 15, 1920, and March
3, 1923. There was nothing in the record to show when or
how defendant was discharged between such dates. Wit-
nesses for defendant testified that he had been in the asylum
four or five times; that he had acted peculiar; and that he
had been released from the asylum on probation, had lived
with different persons, and returned to asylum.

The exceptions are as follows:

(1) In refusing motion for directed verdict, error being
that John Jennings was irrebuttably presumed to be insane
at the time the contract was entered into by reason of having
been adjudged insane by the Probate Court of Spartanburg
County prior to having entered into contract with plaintiff.

(2) In refusing motion for directed verdict, error being
that there is no testimony to rebut the *prima facie* presump-

tion of incapacity of John J. Jennings arising from the fact that John J. Jennings had been adjudged insane by the Probate Court of Spartanburg County prior to having entered contract with plaintiff.

(3) In refusing motion for a new trial, error being that there is no testimony to rebut the presumption of incapacity existing at the time the contract was entered into by reason of having been adjudged insane by the Probate Court of Spartanburg County prior to having entered contract with plaintiff and by reason of the fact that John Jennings was not discharged as cured from the South Carolina hospital, but merely paroled into the custody of a friend who assumed the responsibility of caring for him.

(4) In refusing to permit the witnesses J. M. Pearson and S. E. Hendricks to answer questions regarding the reputation of John Jennings in that community for insanity, error being that any cases involving the mental condition of a party to a contract, reputation in a community as to such person's insanity is admissible upon the issue of notice.

*Mr. L. K. Leonard,* for appellants, cites: *Insanity—burden of proof:* 8 Rich. Eq., 288; 30 S. C., 377 *Adjudication of lunacy only prima facie evidence, may be rebutted and is not conclusive as against parties not joined:* 119 S. C., 203; 14 R. C. L., Sec., 621. *Presumption of insanity and burden of proving sanity:* Chamb. Evid., Vol. 2, 1043; Vol. 4, Par. 2670; 32 C. J., 731; 732; 647; 7 A. L. R. Note 597; Stat. of 1922, 764.

*Messrs. Bomar, Osborne & Brown,* for respondents, cite: *Burden of proving insanity rests upon him who alleges it:* 14 R. C. L., 622. *Adjudication of insanity not conclusive:* 14 R. C. L., 621. *Courts do not favor relieving persons from contracts:* 90 S. C., 281; 71 S. C., 331; 122 S. C., 206; 4 Rich. Eq., 358; 88 Md., 368. *Admission of testimony as to sanity:* 14 R. C. L., 618.

February 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This was an action filed by Fielder & Brown, a partnership, on the 15th day of July, 1921, against John J. Jennings, *non compos mentis,* and T. M. Bishop, committee for John J. Jennings. The complaint was in usual form for a suit for debt for the sale of certain goods purchased from plaintiff October and November, 1920, and the answer of the defendant T. M. Bishop, committee, alleged the insanity of John J. Jennings at the time the contract was entered into and the adjudication thereof by the Probate Court of Spartanburg County. F. G. Harris, Esq., was duly appointed and accepted as guardian *ad litem* for John J. Jennings. The case was docketed on Calendar I and called for trial on the 3d day of October, 1923, before Hon. T. J. Mauldin before a jury upon the sole issue of the mental capacity of John J. Jennings at the time the contract was entered into. The pleadings were verified."

The exceptions complain of error on the part of his Honor in not directing a verdict in favor of the defendant as asked for, in not granting motion for a new trial, and in not permitting witnesses Pearson and Hendricks, to answer certain questions asked them.

The only question in the case was the mental capacity of John J. Jennings when he purchased the goods from Fielder & Brown. This was properly submitted to the jury for their determination, as there was evidence pro and con as to that issue.

As was said by Mr. Justice Hydrick in *Cathcart v. Matthews et al.,* 105 S. C., 329; 89 S. E., 1021:

"Neither Cathcart's confinement in the asylum nor the several adjudications of his lunacy is conclusive of the fact of incapacity."

Jennings purchased the goods; Brown testifies that he saw nothing wrong with him.

The defendants allege insanity and mental incapacity to avoid the debt. The burden of proving insanity rests on him who alleges it and seeks to avoid an act on account of it, and it devolves on him to establish the fact of insanity by a preponderance of the evidence. The fact that he had been at one time adjudged a lunatic and committed to the asylum is not conclusive of his mental incapacity, but the question is: What was his mental condition at the time he purchased the goods from the respondent? 14 R. C. L. pp. 621 and 622. *Langley v. Cease,* 122 S. C., 206; 115 S. E., 230, and authorities therein cited. *Ballard v. McKenna,* 4 Rich. Eq., 358.

Exceptions 1, 2, and 3 are overruled.

Exception 4 is overruled under 14 R. C. L., 618, and in addition to that there was ample testimony as to whether the defendant had capacity or was incapacitated, without the testimony of the witnesses as to his general reputation; and, in any view, it was not harmful or prejudicial.

All exceptions are overruled, and judgment affirmed.

Messrs. Justices Fraser and Marion concur.

Mr. Chief Justice Gary and Mr. Justice Cothran did not participate.