## Johnson v. Johnson.

March 24, 1939.

W. E. Begley, Judge.

624

J. R. LLEWELLYN for appellant.

MANNING & HAYS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Jackson circuit court sustaining a special demurrer to the petition on the ground that the appellant is without legal capacity to maintain the suit. It appears from the petition that Elbert Johnson is insane and was so adjudged in the state of Nebraska in February, 1922. He apparently was not confined for it is alleged that in January, 1932, he attempted to enter into a marriage contract in Kentucky with the appellee, Lillian Johnson It appears in briefs that he lived in Kentucky with Lillian for some time pursuant to the marriage and that a child has been born of that union. Appellant alleges that in September, 1934, Johnson took up a residence with his father in Fayette County, Indiana, and that, on the 24th of December, 1934, he (appellant) was appointed Elbert Johnson's guardian. It is likewise alleged that Elbert Johnson has no guardian, curator, or committee in this state. Appellant brought this suit asking that the court adjudge the marriage with appellee to be null and void because of the incompetency of Elbert Johnson at the time of the marriage. As set out above, the chancellor sustained a special demurrer and dismissed the petition on the ground that appellant was without capacity to maintain the suit. In 38 C. J. 1353, in discussing suits of this nature, the rule is thus stated:

"The right of a person under disability of coverture, infancy, or mental incompetency to prosecute the nullity suit in his or her own name depends upon the statute, or, in the absence of express provision, upon the rules applicable in such cases generally."

We are cited to no authority contrary to this statement and have been able to find none. Section 35, sub-

section 4 of the Civil Code of Practice, authorized (with the exception of married women) the guardian, curator, or committee of a person of unsound mind who resides in a foreign country to bring actions on his behalf. No limitation of the kind of actions that may be brought is made. We are referred to no authority requiring the application of a different rule to a suit to annul a marriage from that applied to other actions.

Section 2097 of the Kentucky Statutes prohibits and declares void a marriage with an idiot or lunatic. The issue of such a marriage is made legitimate by section 2098, but that question is not presently involved. The only proposition now before us is whether or not appellant can maintain the suit. Under the provisions of section 35 of the Civil Code of Practice, supra, we think he can. Whether or not he will be entitled to the relief sought upon a final hearing is, of course, not determined.

Judgment reversed.