# Johnson v. Johnson.

April 23, 1943.

Hiram H. Owens for appellant.

V. A. Jordan and C. R. Luker for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

The sole question involved on this appeal is whether a committee of an incompetent person may maintain in the latter's behalf an action for divorce. The chancellor, being of the opinion that the action could not be maintained, sustained a special demurrer and dismissed the petition.

The question is one of novel impression in our jur-

isdiction although we held in Johnson v. Johnson, 277 Ky. 623, 126 S. W. (2d) 1055, that a committee could maintain an action to annul the marriage of his ward who was insane at the time of the marriage since such a marriage is void. The great weight of authority supports this rule. See annotation in 70 A. L. R. 964.

In some jurisdictions it is held that a committee may maintain an action for divorce in behalf of his ward. Garnett v. Garnett, 114 Mass. 379; Campbell v. Campbell, 242 Ala. 141, 5 So. (2d) 401. This is also the English rule. But it seems that in these jurisdictions the right of the committee is gathered from legislative authority. The weight of authority is that in the absence of a governing statutory provision the committee has no such power. Worthy v. Worthy, 36 Ga. 45, 91 Am. Dec. 758; Bradford v. Abend, 89 Ill. 78, 31 Am. Rep. 67; Mohler v. Shank's Estate, 93 Iowa 273, 61 N. W. 981, 34 L. R. A. 161, 57 Am. St. Rep. 274; Birdzell v. Birdzell, 33 Kan. 433, 6 P. 561, 52 Am. Rep. 539; Dillion v. Dillion, Tex. Civ. App., 274 S. W. 217. The theory underlying the majority view is that a divorce action is so strictly personal and volitional that it cannot be maintained at the pleasure of a committee, even though the result is to render the marriage indissoluble on behalf of the incompetent. 17 A. J. 290. In Birdzell v. Birdzell, supra [3 Kan. 433, 6 P. 562, 52 Am. Rep. 539], the court said:

> "Whether a party who is entitled to a divorce shall commence proceedings to procure the same or not is a personal matter resting solely with the injured party, and it requires an intelligent election on the part of such party to commence the proceedings, and such an election cannot be had from an insane person."

In that case, as well as in others, comment is made on the possibility that the incompetent spouse, if capable of exercising volition or if restored to mental soundness, might be desirous of condoning the wrong or of continuing the marriage relation. We are in accord with the majority view and the reasons supporting it.

It is argued by appellant, however, that since section 35 of the Civil Code of Practice requires the action of a person under disability to be brought by a guardian, curator, or committee and since no action is excepted the committee is necessarily empowered to bring a divorce

action for his ward. But we do not think the Legislature, in conferring this general authority, intended to vest a committee with power over the strictly personal and volitional affairs of his ward to the extent of controlling his marital statuts. In all jurisdictions, as far as we are advised, the action of an incompetent must be brought by a committee or other representative either by virtue of statute or substantive law, nevertheless the right to file a divorce action by a representative on behalf of his ward is generally denied. We regard section 35 of the Code as intending to restrict the right of an incompetent to maintain an action in his own name rather than to enlarge the powers of a committee.

Finally, it is argued that since the ward in whose behalf this action was filed is only an incompetent and not an insane person the action may be brought by the committee. This argument rather assumes that a committee may be appointed for one suffering from ordinary physical or bodily infirmities but such is not the case. Section 2149 of the Kentucky Statutes (now KRS 387.010 et seq.) authorizes the appointment of committees only for persons of unsound mind and those who by reason of bodily infirmity are unable to make known to others their thoughts and desires. Necessarily all such persons are incapable of imparting to a committee or to the court a conscious choice as to the continuance or dissolution of the marital relation. The underlying reasons behind the rule denying the right of the committee of an insane person to bring such an action are equally applicable to all persons for whom a committee may be appointed.

It may be that in some cases a hardship will be worked by the conclusion we have reached—such may be the case here—but stability of the marriage relation is a matter of public concern and, in the absence of specific legislative declaration to the contrary, its continuance or dissolution should not be dependent on the pleasure or discretion of a legal representative. The chancellor correctly dismissed the petition.

Affirmed.