21747

Marion CHAMBLEE, by her duly appointed Guardian Ad Litem, Charles W. Whitten, Appellant, v. Ned E. CHAMBLEE, Respondent.

(293 S. E. (2d) 433)

*Harold R. Lowery* and *Richard E. Thompson, Jr.*, both of *Law Offices of Lowery & Hood*, Anderson, *for appellant.*

*Robert A. Gamble*, of *Gamble & Galloway*, Anderson, *for respondent.*

June 30, 1982.

*Per Curiam:*

Appellant began an action for separate maintenance and support through her court-appointed guardian *ad litem*. Respondent answered and counterclaimed for divorce.

Subsequently, appellant requested the family court to relieve both her attorney and the guardian *ad litem* from service in the case. After a hearing, the request was granted.

With the assistance of a different attorney, appellant entered into a property agreement with respondent. The agreement was subsequently incorporated into the final divorce decree.

Appellant with the aid of a new attorney brought the present action to have the divorce decree set aside on the ground that she did not have a guardian *ad litem* at the final hearing. The family court denied her petition.

The order on appeal does not set forth the salient facts upon which the family court determined that appellant was mentally competent at the time her guardian *ad litem* was relieved. The order is in violation of Family Court Rule 27(3).

Accordingly, we remand to the family court for compliance with Rule 27. *Stahl v. Stahl*, 276 S. C. 380, 278 S. E. (2d) 782 (1981).

Remanded.