21844

James Allen CHURCH, Jr., Respondent-Appellant, v.
Jacklynn H. TROTTER (Church), Appellant-Respondent.
(299 S. E. (2d) 332)

*E. Michael Carlton,* Lexington, and *Sheila D. McMillan,* Columbia, *for appellant-respondent.*

*C. Joseph Roof,* of *Lumpkin & Sherrill,* Columbia, *for respondent-appellant.*

Jan. 5, 1983.

LEWIS, Chief Justice:

Appeal and cross-appeal are taken from a family court order determining a number of issues between these parties. Because of the interrelationship of these issues and an error of law committed by the trial judge in resolving the threshold question, we remand the case in its entirety for redetermination as directed below.

Respondent (Church) was adjudicated incompetent in 1969. Two years later he met and married appellant (Trotter). The marriage lasted three days. Three months after the couple parted, divorce proceedings were initiated by appellant. Divorce was granted by default, and alimony was awarded to appellant. For seven years thereafter, appellant collected monthly alimony from respondent's committee Bank. In 1979, respondent was adjudicated competent and began these proceedings in family court to recover the alimony paid. His position was that the prior adjudication of incompetency rendered the 1971 marriage a nullity under Section 20-1-10, Code of Laws, 1976, from which he reasoned the divorce had no legal effect and the alimony award constituted unjust enrichment. Appellant contended that the respondent was in fact competent in 1971 which made the marriage contract binding, the divorce decree proper and the alimony just. Further, appellant argued that since respondent was in fact competent in 1971 and 1972, he was not entitled to personal service of process under 15-9-490, Code of Laws, 1976, which had also been a basis for respondent's attack upon the divorce decree.

Reviewing the order of the trial court, we find that the 1971 marriage was declared null and void solely on the basis of the 1969 adjudication. Although there was conflicting testimony presented at hearing which bore upon the respondent's actual mental condition during the relevant times, the family court order is completely silent with respect to this contested fact. It appears that the trial judge considered himself bound conclusively by the prior adjudication. This was error of law.

It has long been the rule in this State that an adjudication of incompetency is but prima facie evidence of that fact. *Keys v. Norris*, 6 Rich Eq. 388; *Cathcart v. Matthews*, 105 S. C. 329, 343, 89 S. E. 1021. In a contract setting, particularly, this Court has looked specifically to the condition of a party at the time of a transaction. *Fielder & Brown v. Jennings*, 131 S. C. 26, 126 S. E. 448. We have also provided guidance in ascertaining the existence of incompetency as a matter of fact. *Thompson v. Moore*, 227 S. C. 417, 88 S. E. (2d) 354.

Under the testimony in this record, it was the duty of the trial judge to make specific findings of fact with regard to respondent's competency at the time of the 1971 marriage and indeed during the pendency of the divorce action. Our review cannot proceed to the remaining issues without some finding on this threshold question.

Judgment is accordingly reversed; and the case remanded for determination of the competency of respondent at the relevant times and for determination of all other issues as may be appropriate.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.