23611

Tommy R. GRAPNER, Appellant v. ATLANTIC LAND TITLE COMPANY, INC., a/k/a Atlantic Land Title Company and Elrid M. Moody, Treasurer of Beaufort County, Respondents. Michael R. GALLO and Maxine L. Gallo, Respondents v. Tommy R. GRAPNER, Trust Company Bank and Community Service Association, Inc., Defendants. Of whom Tommy R. Grapner is Appellant. Tommy R. GRAPNER, Appellant v. Gary D. WILHOIT, John S. Lesko, Joan M. Lesko and Elrid M. Moody, Treasurer of Beaufort County, Respondents.

(416 S.E. (2d) 617)

Supreme Court

*William M. Bowen* and *H. Kay Morton*, of *Bowen & Smoot*, Hilton Head Island, *for appellant*.

*E. Russell Jeter, Jr.*, of the *McNair Law Firm*, Columbia, and *J. Simon Fraser*, of the *McNair Law Firm*, Hilton Head Island, for *John S. Lesko* and *Joan M. Lesko*.

*Terry A. Finger*, of *Novit & Scarminach*, Hilton Head Island, for *Michael R. Gallo* and *Maxine L. Gallo*.

*Stephen P. Hughes*, of *Howell, Gibson, & Hughes*, Beaufort, for *Elrid M. Moody, Treasurer of Beaufort County*.

*J. Ray Westmoreland*, Hilton Head Island, for *Atlantic Land Title Co., a/k/a Atlantic Title Co.*

Heard Feb. 19, 1992; Decided Mar. 30, 1992.

Reh. Den. May 6, 1992.

*Per Curiam:*

This case consolidates the appeals in three actions determining the validity of a 1988 tax sale conveying several lots owned by appellant Grapner in Sea Pines Plantation. Grapner contends tax deeds and quiet title judgments should be set aside on the ground he was mentally incompetent at all pertinent times and service upon him was therefore insufficient to afford him adequate notice. We remand.

As a threshold matter, the trial judge assumed Grapner was mentally incompetent but concluded the dispositive fact in validating the conveyances was that Grapner had not been adjudicated incompetent. We hold this was error. It is not necessary to prove mental incompetence by an adjudication of incompetency. *Thompson v. Moore*, 227

S.C. 417, 88 S.E. (2d) 354 (1955). Conversely, an adjudication of incompetency is but prima facie evidence of that fact. *Church v. Trotter,* 278 S.C. 504, 299 S.E. (2d) 332 (1983). Mental incompetence is established by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs. *Thompson,* 88 S.E. (2d) at 356, *Rogers v. Nation,* 284 S.C. 330, 326 S.E. (2d) 182, 185 (Ct. App. 1985). The specific inquiry is whether one seeking to avoid some liability on the ground of his own incompetence was capable of comprehending the nature and effect of the transaction in question. *Cathcart v. Matthews,* 105 S.C. 329, 89 S.E. 1021, 1026 (1916). The party alleging incompetence must prove by a preponderance of the evidence that he was incompetent at the time of the transaction. *Fielder & Brown v. Jennings,* 131 S.C. 26, 126 S.E. 448 (1925); *see also, Church v. Trotter, supra.*

Accordingly, we remand this case to the circuit court for a de novo hearing on the issue of Grapner's mental incompetence.

Remanded.