23791

Fletcher Lee MURRAY, By his Conservator and Guardian, Allan MURRAY, Respondent v. Charlie Belle MURRAY, Appellant.

(426 (S.E. (2d) 781)

Supreme Court

*Linda Z. Jackson,* of *Jackson & Jackson,* Columbia, *for appellant.*

*H. Ray Ham,* Cayce-West Columbia, *for respondent.*

*Forrest K. Abbott,* Cayce, *guardian ad litem for respondent.*

Submitted Dec. 11, 1992.

Decided Feb. 1, 1993.

TOAL, Justice:

This appeal arises from the order of the family court which denied appellant-wife's motion to dismiss a divorce action and her request for sanctions. We remand in part and affirm in part.

## FACTS

Respondent-husband and wife are 87 and 80 years old, respectively. They were married, each for the second time, in

1972. In January 1990, husband became ill. After a two-week hospitalization, husband went to the home of his son from his first marriage, Allan Murray (son), where he received around-the-clock care. He was placed in a nursing home in October 1991.

In December 1989, husband appointed son to be his attorney-in-fact to handle his business. In March 1990, son was appointed conservator and guardian of husband's estate.

This litigation began in February 1990, when wife brought an action for separate support and maintenance. Husband did not attend the trial because he is totally disabled and incapacitated. The family court judge awarded wife one-third of the marital assets and ordered husband to pay wife $400.00 per month as support. The appeal from that order is pending before the Court.

On November 7, 1991, this action for divorce was brought on behalf of husband by son in his capacity as attorney-in-fact. A Guardian ad Litem was appointed to represent the interests of husband in the matter.

Wife made a motion to dismiss the action based on the assertion that an action for divorce could not be brought through the use of a power of attorney. Wife argued that son did not have the capacity to bring the action since divorce is strictly personal, and further, since son, as a potential beneficiary of husband's estate, had a clear conflict of interest. Finally, she argued that since son had been appointed conservator and guardian of husband's estate, the power of attorney was no longer valid.

The family court judge denied the motion to dismiss and ordered that the caption be amended to indicate that the action for divorce was being brought on behalf of husband by son in his capacity as conservator and guardian instead of in his capacity as attorney-in-fact. Wife now appeals the denial of the motion to dismiss.

## LAW/ANALYSIS

South Carolina Code Ann. § 62-5-501 (Supp. 1992) states that:

> *[u]nless the power of attorney provides otherwise,* appointment of a guardian terminates all or part of the

power of attorney that relates to matters within the scope of the guardianship, and appointment of a conservator terminates all or part of the power of attorney that relates to matters within the scope of the conservatorship.

The power of attorney executed by husband is not in the record. Therefore, it is impossible to tell whether it included a provision making it durable despite the appointment of a guardian and conservator. Further, son has not argued that such an exception exists; therefore, we assume that there was no special provision included in the power of attorney. Accordingly, we find that son's appointment as attorney-in-fact terminated in March 1990 when he was appointed conservator and guardian of husband's estate; and therefore, he may not bring an action on behalf of husband as his attorney-in-fact.

The appointment of a conservator vests in him title as trustee to all property of the protected person. S.C. Code Ann. § 62-5-420 (1987). A conservator has the power to manage the assets and funds of the estate. S.C. Code Ann. §§ 62-5-424 and 425 (1987). He may prosecute or defend actions, claims, or proceedings for the protection of estate assets. S.C. Code Ann. § 62-5-424(7) (1987). Therefore, while a conservator can take action to protect estate assets, there is no statutory authority allowing him to maintain an action with regard to personal matters. Accordingly, son cannot bring this action for divorce in his capacity as conservator.

A guardian may be appointed for an incapacitated person as a means of providing continuing care and supervision. S.C. Code Ann. § 62-5-304 (Supp. 1992). An "incapacitated person" is:

any person who is impaired by reason of mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, or other cause (except minority) to the extent that he lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person or property.

S.C. Code Ann. § 62-5-101(1) (Supp. 1992). South Carolina Code Ann. § 62-5-312 (1987), which outlines the general powers and duties of a guardian, does not address whether a

guardian may maintain an action on behalf of his ward. However, Rule 17, SCRCP, states that when an *"incompetent"* person has a representative, such as a general guardian, the representative may sue on behalf of the incompetent person.

The issue of whether a guardian may sue for *divorce* on behalf of an incompetent person has never been directly addressed in this State. The majority rule is that, absent statutory authorization, a guardian cannot maintain an action on behalf of a mentally incompetent for the dissolution of the incompetent's marriage. *Jackson v. Bowman*, 226 Ark. 753, 294 S.W. (2d) 344 (1956); *Cox v. Armstrong*, 122 Colo. 227, 221 P. (2d) 371 (1950); *Scott v. Scott*, 45 So. (2d) 878 (Fla. 1950); *Phillips v. Phillips*, 203 Ga. 106, 45 S.E. (2d) 621 (1947); *In re Marriage of Drews*, 115 Ill. (2d) 201, 503 N.E. (2d) 339 (1986); *State ex rel. Quear v. Madison Circuit Court*, 229 Ind. 503, 99 N.E. (2d) 254 (1951); *Mohler v. Shank's Estate*, 93 Iowa 273, 61 N.W. 981 (1895); *Birdzell v. Birdzell*, 33 Kan. 433, 6 P. 561 (1885); *Johnson v. Johnson*, 294 Ky. 77, 170 S.W. (2d) 889 (1943); *Stevens v. Stevens*, 266 Mich. 446, 254 N.W. 162 (1934); *Higginbotham v. Higginbotham*, 146 S.W. (2d) 856 (Mo. Ct. App. 1940); *In re Jennings*, 187 N.J. Super. 55, 453 A. (2d) 572 (1981); *Mohrmann v. Kob*, 291 N.Y. 181, 51 N.E. (2d) 921 (1943); *Freeman v. Freeman*, 34 N.C. App. 301, 237 S.E. (2d) 857 (1977); *Shenk v. Shenk*, 100 Ohio App. 32, 135 N.E. (2d) 436 (1954). Although there are statutes in practically every jurisdiction which give a guardian the general authority to maintain actions on behalf of an incompetent, it is generally held that these statutes do not apply to divorce actions unless the statute expressly so states. Annotation, *Power of Incompetent Spouse's Guardian, Committee, or Next Friend to Sue for Granting or Vacation of Divorce or Annulment of Marriage, or to Make a Compromise or Settlement in Such Suit*, 6 A.L.R. (3d) 681 (1966); *see also Quear, supra; Johnson, supra; Mohrmann, supra.* The theory underlying the majority view is that a divorce action is so strictly personal and volitional that it cannot be maintained at the pleasure of a guardian, even if the result is to render the marriage indissoluble on behalf of the incompetent. *Scott, supra; Sternberg v. Sternberg*, 203 Ga. 298, 46 S.E. (2d) 349 (1948); *Mohler, supra; Birdzell, supra; Johnson, supra; Mohrmann, supra; Application of Babushkin*, 176 Misc. 911, 29 N.Y.S. (2d) 162 (1941); *Freeman, supra.*

We adopt the majority rule in the case of a spouse who
■ is mentally incompetent as to his property *and* his per-
son, and hold that he may not bring an action for di-
vorce either on his own behalf or through a guardian. *Cf.*
*Shaw v. Shaw*, 256 S.C. 453, 182 S.E. (2d) 865 (1971). How-
ever, we decline to impose an absolute rule denying the right
to seek a divorce if the spouse, although mentally incompetent
with respect to the management of his estate, is capable of ex-
ercising reasonable judgment as to his personal decisions, is
able to understand the nature of the action and is able to ex-
press unequivocally a desire to dissolve the marriage. *In re
Higgason's Marriage*, 110 Cal. Rptr. 897, 516 P. (2d) 289
(1973); *In re Marriage of Kutchins*, 136 Ill. App. (3d) 45, 90 Ill.
Dec. 722, 482 N.E. (2d) 1005 (1985); *Boyd v. Edwards*, 4 Ohio
App. (3d) 142, 446 N.E. (2d) 1151 (1982); *Syno v. Syno*, 406 Pa.
Super. 218, 594 A. (2d) 307 (1991).

It does not appear from the record that husband has
■ ever been adjudicated incompetent or that the family
court judge ever made any findings as to husband's
competency. The record simply indicates that husband is "to-
tally disabled and incapacitated." Respondent's brief de-
scribes husband as being "88 years old, sick, and confined to a
nursing home." However, physical disability does not neces-
sarily indicate that a person is mentally incompetent. See
*Zaragoza v. Zaragoza*, — S.C. —, 420 S.E. (2d) 516 (Ct. App.
1992). In fact, respondent's brief states that " . . . this divorce
action was instituted *at the request of* Fletcher Lee Murray to
his Guardian ad Litem."

It was the duty of the family court judge to make specific
findings of fact with regard to husband's competency. *Church
v. Trotter*, 278 S.C. 504, 299 S.E. (2d) 332 (1983). Without some
finding on this threshold question, the record is insufficient to
permit review by this Court. *Id.; Chamblee v. Chamblee*, 278
S.C. 168, 293 S.E. (2d) 433 (1982). Accordingly, the case must
be remanded to the family court for a determination of hus-
band's competency. *Id.*

We further direct that if husband is found to be incompe-
tent in that he can no longer manage his estate, but is able, as
son has alleged, to express a desire to obtain a divorce, hus-

band may obtain a divorce *through his Guardian ad Litem*.[1] However, it is critical that the evidence of husband's desire to obtain a divorce be further developed. If husband is found to be mentally incompetent as to his property *and* his person, he may not bring an action for divorce either on his own behalf or through his Guardian ad Litem.

Wife also contends that the family court judge erred in refusing to impose sanctions on husband. Wife argues that the time expended to attend the motions hearing could have been entirely avoided had husband's attorney simply amended his pleadings to reflect the proper plaintiff. The issues in this case are far too complex to have been resolved by simply amending the caption. Accordingly, we affirm that portion of the family court's order denying wife's request for sanctions. The appealed order is

Remanded in part and affirmed in part.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.

---

[1] We note that son, as a potential beneficiary of husband's estate, has a clear conflict of interest, and therefore, should not serve as husband's guardian in this matter.