Hughes and Noble, JJ., join.
OPINION OF THE COURT BY
JUSTICE CUNNINGHAM
Elmer Riehle wants a divorce from his wife.
He and Carolyn have been married over 30 years. He is now over 88 years of age. Carolyn is now approximately 72. After a jury trial in 2008, Elmer was declared incompetent in the Boone District Court. Carolyn was appointed as his guardian and conservator.
Mi aborted attempt was made the following year to have the disability removed. That effort was abandoned when he was diagnosed with Frontal Lobe Dementia.
Again in 2010, Elmer made an effort to remove the guardianship. Following a second jury trial, he was once again declared incompetent. And, once again, Carolyn was reappointed as his guardian.
Elmer grew frustrated and agitated with Carolyn having control over his assets and filed a petition for dissolution of marriage, individually and in his own right. Carolyn filed a responsive pleading strenuously objecting to the divorce and citing Elmer’s profligate wasting of marital assets by engaging in reckless and ill advised “get rich” schemes so radically off the charts as to prove his mental incompetence.
The trial court dismissed Elmer’s petition for dissolution of marriage on the basis that in Kentucky a person who has been declared incompetent cannot bring a legal action in this state. The Court of Appeals affirmed the dismissal. Both lower courts relied exclusively on the 1943 case of Johnson v. Johnson, 294 Ky. 77, 170 S.W.2d 889 (1943).
Elmer now asks this court to reverse the Court of Appeals as well as the Johnson decision of over 60 years ago.
The issue of whether a case should have been dismissed for failure to state a claim raises a question of law and is reviewed de novo. Fox v. Grayson, 317 S.W.3d 1 (Ky. 2010).
We affirm both the trial court dismissal and affirmation by the Court of Appeals. However, we reach this result on different grounds. The dismissal by the trial court as well as the decision of the Court of Appeals rely solely on the Johnson case. However, we hold that independent of that decision, the case is procedurally flawed.
Civil Rule 17.03(1) requires that “[a]ctions involving unmarried infants or persons of unsound mind shall be brought by the party’s guardian or committee .... ” *9 This rule is steeped in our common law and is based on studied experience. See generally Howard v. Howard, 87 Ky. 616, 9 S.W. 411 (1888) (providing an exhaustive history); see Miller v. Cabell, 81 Ky. 178 (Ky. 1883). Indeed, the codification of this rule can be traced back as far as 1876 in Section 36 and 36 of the Civil Code of Practice, the precursor of the Kentucky Rules of Civil Procedure. In 1953, our predecessor Court adopted Section 35 and 36 into what is now Civil Rule 17.03.
“Unsound mind,” as used in CR 17.03(1), simply means that a person has been so adjudicated, a requirement the lower courts fulfilled on two occasions. Straney v. Straney, 481 S.W.2d 292 (Ky. 1972).
Unlike Johnson, this action was not brought by the guardian. It was brought by the judicially declared incompetent in his own name.
The Appellee erroneously raises this- issue through a standing argument, claiming that CR 17.03(1) clearly bars the Appellant from bringing this action in his own name.
We have defined standing as “a requirement that a party have a judicially recognizable interest in the subject matter of the suit.” Harrison v. Leach, 323 S.W.3d 702, 705 (Ky. 2010). In more understandable terms, a person usually has standing if that party has a substantial interest in the subject matter of the litigation and they will be aggrieved by an adverse ruling by the court. Rose v. Council for Better Education, Inc., 790 S.W.2d 186, 202 (Ky. 1989).
Appellant obviously has an interest in pursuing a divorce. Therefore, “standing” is not the issue in this case. The Appellee was entitled to have the action dismissed simply because existing law does not allow the Appellant to bring this action in his own name.
The trial court dismissed the case- because of the 1943 case of Johnson, 294 Ky. 77, 170 S.W.2d 889. That case held that a petition for divorce is such a personal matter that a guardian cannot maintain that action on behalf of the ward. That question, no matter how much attention the parties and courts below have given it, is not before us. The guardian is not bringing this action as required by CR 17.03(1). All the pleading and argument to the 'contrary, there is not a Johnson issue in this case.
We recognize the bar of the Civil Rule presents a peculiar conundrum for the Appellant. He is suing his guardian in her individual capacity for a result to which she objects. His guardian is not going to file on his behalf asking for the same relief against herself.
We believe, however, that this dilemma is clearly and exclusively within the purview of our legislature and rule making process.
Conclusion
For all the above stated reasons, the result of the Court of Appeals’ opinion is AFFIRMED. ,
All sitting. Minton, C.J.; Keller, and Venters, JJ., concur. Wright, J., concurs by separate opinion in which Hughes and Noble, JJ., join.