# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Susan Caroline Ball Dover, as Special Administrator of the Estate of Dallas Dale Ball, Respondent,

v.

Nellie Ruth Hare Ball a/k/a/ Nell R. Ball, Appellant.

Appellate Case No. 2019-001113

———————

Appeal From Pickens County
W. Greg Seigler, Family Court Judge

———————

Opinion No. 5923
Heard May 3, 2022 – Filed July 20, 2022

———————

## AFFIRMED

———————

Keith G. Denny, of Keith G. Denny, P.A., of Walhalla, for Appellant.

Robert Scott Dover, of Law Offices of Scott Dover, of Pickens, for Respondent.

———————

**HEWITT, J.:** Nell R. Ball (Wife) and Dallas Dale Ball (Husband) had a long and prosperous marriage, but Husband's health deteriorated and doctors eventually recommended he reside in a skilled nursing facility. Husband lacked the funds to pay for his care because the parties placed the marital assets solely in Wife's name throughout the marriage. Wife disagreed with the doctors' recommendation and refused to pay for Husband's care.

This appeal is about whether a conservator or guardian of an incapacitated person, such as Husband, can bring an action in family court for the incapacitated person's separate support and maintenance. The family court found the action could proceed. For the reasons that follow, we agree.

## FACTS

Husband and Wife were married in June 1958 and have five emancipated children. Both Husband and Wife were hospitalized as a result of health issues in January 2018. They lived separately from that day forward.

Both were advanced in age at the time of their 2018 hospitalizations. Sadly, Husband died during the pendency of this appeal. The special administrator of his estate, Susan Caroline Ball Dover (Daughter), was substituted as the respondent.

In 2010, Husband granted Wife a durable power of attorney and granted Daughter a healthcare power of attorney. Five years later, in April 2015, the probate court declared Husband an incapacitated person.

Three years after that, in 2018, Daughter petitioned the probate court to appoint her as Husband's conservator and guardian. The probate court found Wife did not have Husband's best interests at heart and granted Daughter's petition. Not long after that, Daughter filed this suit for separate maintenance on her father's behalf.

Wife sought to dismiss the suit. In family court, and here, her main argument was that a guardian cannot bring an action for separate support and maintenance because that sort of claim is "strictly personal." She argued such a suit would only be proper if the person protected by the guardianship indicated a desire for such an action.

Wife also argued that Daughter had a conflict of interest because she was a potential beneficiary of Husband's estate and that this barred her from bringing the case.

The family court denied Wife's motion to dismiss. A contentious trial followed. After that, the family court equitably divided the $3.1 million marital estate.

## ISSUE

Whether the family court erred in denying Wife's motion to dismiss a claim for separate maintenance brought on behalf of Husband, an incapacitated spouse, by Husband's conservator and guardian.

**"PERSONAL" ACTION**

As already noted, Wife's lead argument for dismissing the case is her claim that an action for separate maintenance is strictly personal. Her main authority offered in support of this argument is *Murray by Murray v. Murray*, 310 S.C. 336, 426 S.E.2d 781 (1993), where our supreme court held a conservator could not bring an action for divorce.

We read *Murray* as being driven by the principle that an action to dissolve the martial relationship is different than an action involving someone's real or personal property. After referencing other states' decisions, our supreme court followed the "majority rule" that absent a clear statutory grant of authority to do so, a guardian could not maintain an action to dissolve the incompetent person's marriage. *Id*. at 341, 426 S.E.2d at 784. The "strictly personal" language in Wife's argument comes from *Murray* (and some other cases as well). *Murray* explained, "[t]he theory underlying the majority view is that a divorce action is so strictly personal and volitional that it cannot be maintained at the pleasure of a guardian, even if the result is to render the marriage indissoluble on behalf of the incompetent." *Id*. at 340, 426 at 784.

Though not relevant here, *Murray* did not announce an absolute bar. The court said that a mentally incompetent person who was able to exercise reasonable judgment as to personal decisions and understand the nature of the action could seek a divorce through a guardian if able to unequivocally express the desire to dissolve the marriage. *Id*. at 341, 426 S.E.2d at 784.

We are convinced that *Murray* does not control and that a suit for separate support and maintenance is meaningfully different than a suit for divorce. We already have a case on that point. This court's decision in *Brewington v. Brewington*, 280 S.C. 502, 506, 313 S.E.2d 53, 55 (Ct. App. 1984), rejects as "inappropriate" the argument that separate maintenance and support is "personal" like a suit for divorce. *Brewington* correctly explains that legal separation does not terminate the marriage relationship. *Id*. Our neighboring state of Georgia has said the same thing. *See Moore v. Moore*, 53 S.E.2d 343, 344 (Ga. 1949) (noting a suit for alimony is not "personal" like a suit for divorce).

Indeed, *Brewington* favorably cites a New York case correctly observing that while a suit for divorce ends the marital relationship, a suit for separate support and maintenance is sometimes necessary to enforce the marital obligation of support. *Kaplan v. Kaplan*, 176 N.E. 426, 427 (N.Y. 1931) (cited by *Brewington*, 280 S.C. at

506, 313 S.E.2d at 55). That is Daughter's basic contention here. She argues this proceeding is about granting Husband the financial means to care for himself because Wife refuses to use marital assets to support Husband. There is no effort to challenge the validity of Husband and Wife's marriage.

There may be a case somewhere rejecting a guardian or conservator's attempt to bring a separate support and maintenance claim on the grounds that it is personal like a claim for divorce, but we have not found it. Given the distinctions and reasoning we mentioned above, we respectfully reject Wife's argument that the reasons given in *Murray* for disallowing a divorce claim required the family court to dismiss the claim Daughter brought here.

**CONFLICT OF INTEREST**

Wife claims Daughter had a conflict of interest because Daughter is a potential beneficiary of Husband's estate. She argues that *if* a separate maintenance action could be filed on Husband's behalf, a guardian ad litem (GAL) for the incapacitated person is the only person who should be permitted to bring such a case.

Here as well, we respectfully disagree. The probate court put safeguards in place when it made Daughter the conservator and guardian for her father. The court ordered Daughter to inventory her father's assets, place all funds in a restricted account, and provide an annual accounting and budget. The court also required Daughter to post a bond.

The family court was actively involved in the case as well. At the outset, Daughter asked the court to hold a hearing and determine whether this action for separate support and maintenance was in Husband's best interests. Both Wife and Daughter asked the family court to appoint a GAL. The GAL testified at trial, supported the lawsuit, and said the court should divide the marital estate.

There was no exploration or evidence at trial about any conflict of interest, nor was there extensive argument about the details of any conflict on appeal to this court. Instead, Wife's argument is that the language in *Murray* mandates the case be dismissed.

Wife's argument is drawn from a footnote in the opinion summarily stating that only a GAL could bring a divorce action because the incompetent party's attorney-in-fact (his son) had a clear conflict of interest. 310 S.C. at 342 n.1, 426 S.E.2d at 784 n.1. We do not think that language controls here. For one, Daughter is a court-appointed

conservator and guardian serving under the probate court's supervision. Second, a GAL *was* appointed, and the GAL testified the suit should proceed. We do not think the simple fact that Daughter was a potential beneficiary of her father's estate mandates dismissal of this case that was brought solely for the purpose of securing funds necessary to provide for his well-being.

**CONCLUSION**

For the foregoing reasons, the family court's decision is

**AFFIRMED.**

**THOMAS and MCDONALD, JJ., concur.**